IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND ZARECK, | ) |
| Petitioner, | ) Criminal No. 09-168 |
| | ) Civil No. 24-1009 |
| v. | ) |
| UNITED STATES OF AMERICA. | ) |

## MEMORANDUM OPINION

Pending before the court is a second § 2255 motion (ECF No. 410) filed by counsel on behalf of petitioner Raymond Zareck ("Zareck"). The government filed a response in opposition to the motion (ECF No. 413) and it is ripe for decision.

Background

The court will not recite the factual and procedural background in full. On November 20, 2012, the jury returned a verdict of guilty on each of counts one and two of the superseding indictment. (ECF No. 243.) On May 21, 2013, the court sentenced Zareck to a term of imprisonment of 188 months at each of counts one and two of the superseding indictment, to concurrently run, for a total term of imprisonment of 188 months, and a term of supervised release of five years at each of counts one and two of the superseding indictment, to concurrently run, for a total term of supervised release of five years. (ECF No. 275.)

On May 23, 2013, Zareck appealed his convictions and sentences to the Third Circuit Court of Appeals. (ECF Nos. 277, 278.) On July 24, 2015, the court of appeals affirmed petitioner's convictions, but vacated the judgment of sentence because this court erred when it imposed a sentence at each of counts one and two. (ECF No. 310 at 2.).

On January 25, 2016, the court resentenced petitioner to, among other things, a term of

imprisonment of 188 months at count one and a term of supervised release of five years at count one. (Amended Judgment, ECF No. 329.)  To be clear, the January 25, 2016 Amended Judgment remains in effect.  The court has not issued any other Judgment since that date.

On September 29, 2016, the court of appeals affirmed the Amended Judgment. (ECF Nos. 335, 336.)  On March 6, 2017, the Supreme Court of the United States denied Zareck's petition for writ of certiorari. (Court of Appeals for the Third Circuit, Docket No. 16- 1215, Notice dated March 6, 2017.)

On March 6, 2018, petitioner filed a pro se motion to vacate the Amended Judgment under 28 U.S.C. § 2255 (ECF No. 340) (his first § 2255 motion).  After numerous filings with respect to a *Miller* notice, Zareck filed an all-inclusive document setting forth 36 grounds for relief, which the court considered to be the operable § 2255 motion in this case.

On September 23, 2021, the court issued an opinion and accompanying order which denied Zareck's first § 2255 motion and denied his request for the issuance of a certificate of appealability. (ECF Nos. 389 and 390.)  On September 12, 2023, the court denied Zareck's motion for reconsideration (ECF Nos. 400, 401).  On March 1, 2024, the Third Circuit Court of Appeals affirmed this court's decision and denied Zareck's request for a certificate of appealability (ECF No. 407).

On June 5, 2024, counsel for Zareck filed a second § 2255 motion (ECF No. 410).  The motion again attacks the Amended Judgment issued on January 25, 2016.

Discussion

    A.  Second or successive petition

Congress imposed strict limits on a defendant's ability to file successive § 2255 motions.  Pursuant to 28 U.S.C. § 2255(h):

> (h) A second or successive motion **must** be certified as provided in section 2244 **by a panel of the appropriate court of appeals** to contain—
>
> (1) newly discovered **evidence** that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of **constitutional** law, **made retroactive** to cases on collateral review **by the Supreme Court**, that was previously unavailable.

(Emphasis added). The certification must be made by the court of appeals (not the district court) and the grounds must fall within the statutory conditions.

A motion constitutes a "second or successive" § 2255 motion if a previous § 2255 motion was (1) denied on the merits; and (2) attacks the same criminal judgment. *United States v. Hawkins*, 614 F. App'x 580, 581 (3d Cir. 2015) (citing *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014)). Zareck acknowledges that the pending motion constitutes a "second or successive motion." (ECF No. 410 at 5).

Zareck attempts to end-run the statutory limitations in § 2255(h) based on an analogy to the decision in *Magwood v. Patterson*, 561 U.S. 320, 331 (2010), in which the Supreme Court held that the bar on "second or successive" motions does not apply when a resentencing results in a new, intervening judgment. *See In re Edwards*, 98 F.4th 425, 427 (3d Cir. 2024) (discussing *Magwood*). In this case, however, there was no intervening resentencing proceeding or new judgment. Zareck concedes that "unlike *Magwood*, there was no new judgment of sentence" following Zareck's first § 2255 motion. (ECF No. 410 at 5). Zareck's reliance on the decision in *Magwood*, therefore, is misplaced.

It is abundantly clear that this court lacks jurisdiction to consider Zareck's pending motion. It constitutes a "second or successive" motion and it has not been certified by the Third Circuit Court of Appeals. *See United States v. Vas*, 255 F. Supp. 3d 598, 603 (E.D. Pa. 2017).

B.  Transfer or dismissal

Zareck, anticipating this conclusion, asks the court to transfer the motion to the Third Circuit Court of Appeals if the court deems his motion to be a "second or successive" application for relief (ECF No. 410 at 17).  The government argues that dismissal is warranted because a transfer would constitute an exercise in futility.

In *Cummings v. United States*, No. 14-CV-227-J, 2015 WL 13762146 (D. Wyo. July 17, 2015), the court explained that where a defendant filed a "second or successive" § 2255 motion without authorization from the court of appeals:

> [T]here are two options available to the district court. The Court may dismiss for lack of jurisdiction or transfer to the court of appeals in the interest of justice pursuant to 28 U.S.C. § 1631 so the appellate court may review his claims and determine whether the second or successive § 2255 petition should be authorized. Transfers to the appellate court are not mandatory. *Id.* However, where the requirements of 28 U.S.C. § 2255(h) have not been satisfied, a transfer is an exercise in futility and it would be a waste of judicial resources to require the transfer of frivolous cases. *Id.*

*Id.* at *2.

Pursuant to 28 U.S.C. § 1631, if an action is filed over which the court lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed."  The court has broad discretion in whether or not to transfer a case, although it "must make some findings under § 1631, at least when the parties identify other courts that might be able to hear their case." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020).

In *Cummings*, the court explained: "A transfer is not in the interest of justice when the claims raised in the second or successive petition clearly do not meet the requirements set forth

in 28 U.S.C. § 2255(h)." 2015 WL 13762146, at *3. In *Taylor v. United States*, No. CV 23-3298, 2023 WL 6621530, at *1 (D.N.J. Oct. 11, 2023), the court declined to transfer and explained: "Because the petition does not appear to raise a claim that can be heard in a second or successive § 2255 motion, this Court finds that it is not in the interest of justice to transfer this matter pursuant to 28 U.S.C. § 1631." The court noted, however, that the petitioner was not precluded from filing an application under § 2255(h) in the appropriate court of appeals. *Id.*

In this case, Zareck's motion does not raise a claim that meets the requirements of § 2255(h). Zareck seeks relief based on three legal decisions: (1) *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023), judgment vacated sub nom. *Garland v. Range*, No. 23-374, 2024 WL 3259661 (U.S. July 2, 2024) (ban on gun ownership based on conviction for making false statement to obtain food stamps violated Second Amendment)[1]; (2) *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1, 17, (2022); and (3) *United States v. Hill*, 98 F.4th 473, 482 (3d Cir. 2024), which recognized that the Supreme Court announced a new, retroactive substantive rule in *Rehaif v. United States*, 588 U.S. 225 (2019) (ECF No. 410 at 5-13).

Zareck's arguments for relief do not appear to fit either statutory basis for a second or successive motion, as set forth in § 2255(h). Subsequent decisional law does not constitute new "evidence," as required in § 2255(h)(1). Zareck does not identify a new principle of constitutional law that would undermine his conviction that has been made retroactive by the Supreme Court, as required in § 2255(h)(2).[2]

---

[1] In *Garland*, the Supreme Court vacated the judgment in *Range* and remanded for further consideration in light of *United States v. Rahimi*, 144 S. Ct. 1889 (2024) (rejecting facial challenge to statute that prohibits individuals subject to a domestic violence restraining order from possessing a firearm).

[2] *Range* is not a Supreme Court decision; was vacated in *Garland*; involved an "as applied" challenge; and is factually distinguishable given Zareck's status as an armed career criminal. (Presentence Report, ECF No. 255). *Bruen* involved a challenge to New York's firearm licensing regulations, with no apparent connection to Zareck's conviction, and has not been made retroactive to cases on collateral review by the Supreme Court. *See United States v. Neal*, No. CR 19-230-1, 2024 WL 1095814, at *2 (W.D. Pa. Mar. 13, 2024). *Hill* (like *Magwood*) involved an

*Rehaif* established a retroactive rule of law, but it involved statutory interpretation of 18 U.S.C. § 922(g)(1), rather than a new rule of constitutional law.  In *Jones v. Hendrix*, 599 U.S. 465 (2023) (holding that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition"), the Supreme Court observed that "*Rehaif*'s statutory holding satisfied neither of § 2255(h)'s gateway conditions for a second or successive § 2255 motion: It was neither 'newly discovered evidence,' § 2255(h)(1), nor 'a new rule of *constitutional* law,' § 2255(h)(2)." *Id.* at 470 (emphasis added by Supreme Court); *accord Hill*, 98 F.4th at 483 (decision in *Rehaif* "altered the range of conduct that the statute punishes").

In any event, Zareck is not entitled to relief under *Rehaif*.  In *Rehaif*, "the Supreme Court overturned extensive circuit court precedent and held that under §§ 922(g) and 924(a)(2), the government must prove that the defendant knew he or she was a member of a class of people that the statute prohibits from possessing firearms." *Hill*, 98 F.4th at 482.  As this court previously explained in rejecting Zareck's claim for relief under *Rehaif*, substantial evidence was presented to the jury that Zareck knew he could not possess a firearm. Among other things, Zareck admitted he was a convicted felon and he had spent 3 years in prison for a prior conviction. (ECF No. 389 at 137-140).[3]

In *In re Edwards*, 98 F.4th 425, 436 (3d Cir. 2024), the Third Circuit Court of Appeals recently rejected a second § 2255 motion premised on retroactive application of *Rehaif*.  The

---

intervening resentencing and is therefore distinguishable.  *Hill*, 98 F.4th at 482 ("Hill's § 2255 motion at issue here is not second or successive and thus need not meet the requirements of § 2255(h)."). Zareck's citation to *Hill* apparently was to demonstrate that *Rehaif* is retroactively applicable.
[3] The court determined that the *Rehaif* claim was procedurally defaulted.  ECF No. 389 at 131.

6

court held that the petitioner's "motion satisfies neither requirement" of § 2255(h). The court explained that the petitioner made "no representation that any new evidence exists that would satisfy § 2255(h)(1)" and that "*Rehaif's* statutory holding satisfied neither of § 2255(h)'s gateway conditions for a second or successive § 2255 motion." *Id.* The court concluded:

> Because Edwards's second or successive § 2255 motion does not meet the statutory requirements of § 2255(h), the District Court may not consider it. Thus, we will not certify his request to proceed with his second or successive motion.

*Id.*

Upon consideration, the court declines to exercise its discretion to transfer Zareck's motion to the Third Circuit Court of Appeals. Because it does not appear that Zareck can satisfy the requirements of § 2255(h), transfer would be futile and therefore not in the interest of justice.

Conclusion

For the reasons set forth above, the second § 2255 motion will be dismissed for lack of jurisdiction and Civil No. 24-1009 will be closed. The dismissal will be without prejudice to Zareck's ability to seek certification directly from the court of appeals.

An appropriate order will be entered.

BY THE COURT,

Dated: August 15, 2024

/s/ **JOY FLOWERS CONTI**
Joy Flowers Conti
Senior United States District Court Judge